### JOHN DAVIS v. STATE.

No. A-4089.    Opinion Filed July 30, 1923.

(217 Pac. 225.)

Appeal from District Court, McCurtain County; G. M. Barrett, Judge.

John Davis was convicted of manslaughter in the first degree, and he appeals. Affirmed.

McPherren & Cochran, for plaintiff in error.

BESSEY, J. John Davis, plaintiff in error, here designated the defendant, was on August 7, 1919, informed against for

the crime of murder, alleged to have been committed on the 23d day of June, 1919, by shooting and mortally wounding D. H. Carr. At the trial, on September 11, 1920, the defendant was by a verdict of the jury found guilty of manslaughter in the first degree, and his punishment assessed at confinement in the state penitentiary for a term of eleven years. From the judgment on the verdict he appeals.

Defendant's counsel of record have filed no briefs. By order of this court the cause was submitted on December 6, 1922, and the attorneys of record were notified that briefs would be considered if forthcoming. From this it may be assumed that the defendant has abandoned his appeal.

The court on January 2, 1923, made an order that the cause should be submitted on the record. Accordingly the record has been examined, including the pleadings, evidence, instructions to the jury, and other proceedings had at and anterior to the trial. Scarcely any objections were made or exceptions taken to any of the proceedings, and we find those reserved are without merit.

The evidence discloses that the defendant and the deceased, a short time prior to the homicide, had had a personal encounter, and that both parties went armed, anticipating serious trouble one with the other. The defendant and the deceased met on the sidewalk or streets of Broken Bow, and the defendant drew his pistol and stepped out in front of the deceased and shot him. The deceased threw up his hands, and cried, "O, Lordy! O, Lordy!" He then retreated, backwards, and the deceased fired again; and after the deceased turned and ran a little distance farther the defendant fired a third shot, which penetrated the body of the deceased just at the base of the skull, causing almost instant death. Two loaded pistols were found by the defendant upon or near the body of

the deceased immediately thereafter. There is some conflict in the testimony as to whether or not the deceased made any hostile demonstration at or just prior to the time the fatal shot was fired.

It would serve no good purpose to analyze the great volume of testimony; it is sufficient to say that there is ample cumulative evidence in the record to support the verdict. Indeed, this court would not find the evidence insufficient had the verdict been for murder instead of for manslaughter.

The court clearly and fairly instructed the jury in 30 different instructions, covering all the issues raised by the testimony, including self-defense, justification, mortal combat, and upon the question of whether the deceased or the defendant was the aggressor. Appropriate instructions on murder and homicide, as applied to the facts in evidence, were also given. The subjects treated in the instructions requested by the defendant were properly treated in the instructions given.

The judgment of the trial court is affirmed.

MATSON, P. J., and DOYLE, J., concur.